# THE CITY OF ELGIN

*v.*

## GEORGE W. RENWICK.

1. NEGLIGENCE — *of plaintiff in stepping into hole in sidewalk.* Where a plaintiff, after dark, while walking along a sidewalk pretty fast, was thrown down by stepping into a hole in the walk, and received personal injury, having no knowledge of the defective walk and not seeing the hole, and he testifying that he supposed he was exercising ordinary care, and there being no witness intimating that there was a want of due care on his part, it was *held*, that a verdict in favor of the plaintiff could not be disturbed on the ground of a want of proper care on his part.

2. PRACTICE — *testimony during argument.* After the testimony in a case has been closed and the argument begun, it is a matter of discretion with the court whether to open the case and receive further evidence, and its refusal can not be assigned for error.

3. NEW TRIAL — *newly discovered evidence.* The court is justified in refusing a new trial for newly discovered evidence which is merely cumulative.

4. DAMAGES — *whether excessive — personal injury.* In an action against a city to recover for personal injury caused by a defective sidewalk, resulting in paralysis and hernia, with a probability of the injury being permanent, a verdict of $3,000 damages in favor of the plaintiff was not regarded so large as to justify disturbing the verdict.

APPEAL from the Circuit Court of Kane County; the Hon. HIRAM H. CODY, Judge, presiding.

This was an action on the case, by George W. Renwick against the city of Elgin. A trial was had, resulting in a verdict and judgment of $3,000 in favor of the plaintiff.

The proof showed a fall caused by stepping into a hole in the sidewalk, which injury was quite severe, and likely to prove permanent. The proof also showed paralysis following the accident, which had continued for five or six months under judicious treatment, and also tended to show a rupture was caused by the fall, although there was some evidence tending to show the plaintiff had a rupture before the accident.

Mr. EUGENE CLIFFORD and Messrs. TULEY, STILES & LEWIS, for the appellant.

Messrs. BOTSFORD & BARRY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action to recover for personal injury alleged to have been sustained by reason of a defective sidewalk in the city of Elgin. The plaintiff recovered a verdict and judgment for $3,000, and the defendant appealed.

The point is made that the verdict is against the evidence.

The injury was received from a fall caused by getting the foot in a hole in the sidewalk.

As appellant's counsel puts the case: "That the hole had been in the sidewalk for some time previous to the alleged accident; that the plaintiff got his foot into it and fell down; that he was pulled out, and afterwards suffered more or less from the paralysis and hernia, there is no question." The objection taken is, that it was not affirmatively shown that at the time of the accident the plaintiff was in the exercise of ordinary care and caution. The occurrence took place in the evening, after dark. The plaintiff testified that prior to the accident he had no knowledge of the hole being there; that he did not see the hole, and did not think any one could at that time; that he was walking pretty fast, and supposed he was walking with ordinary care and diligence.

Another witness saw plaintiff pass, walking, and after getting a short distance saw him fall; he does not intimate in his testimony that there was any want of due care on the part of the plaintiff, nor does any other witness. Although there was a strong impeachment of the credit of the plaintiff himself as a witness, we see no just ground of objection to the verdict in the particular of it not appearing that there was the exercise of proper care by the plaintiff.

Rupture was claimed to be one of the chief injuries resulting from the fall.

After the close of the testimony, and while the argument of the cause was in progress, the defendant offered two witnesses, Miles and Hassan, to prove by them that prior

500　　　　　CITY OF ELGIN *v.* RENWICK.　　　[Sept. T.

Mr. JUSTICE BREESE, dissenting.

to the happening of the alleged injury the plaintiff acknowledged to them that he was afflicted with hernia. The court refused to receive the testimony, and this is assigned for error. At that stage of the trial of the cause it was discretionary with the court to receive the testimony or not. The decision in that respect is not ground of error.

The not granting of a new trial, too, for the reason of newly discovered testimony — it being that of the two above mentioned witnesses — is alleged as error.

One witness, Carr, did testify, on the trial, to an admission by the plaintiff, made previous to the time of the accident, that he had a rupture. The newly discovered evidence of Miles and Hassan would have been but cumulative, and for this reason, according to repeated decisions of this court, the court below would have been justified in overruling the motion for a new trial on the ground of the newly discovered evidence.

It is also urged that the damages are excessive. While we regard the damages as large, and would have been better satisfied with the verdict had they been less, from the nature of the injuries testified to we do not think it is a case where we should interfere to disturb the finding of the jury on this ground.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BREESE, dissenting : I am unable to concur in the views expressed in this opinion. I think the verdict was against the evidence, and the damages excessive. The plaintiff was afflicted with hernia before the accident, and should recover no damages therefor. The amount of the recovery shows the jury allowed for hernia as the result of the accident, which they should not have done.